UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22619-ALTMAN

**KEVIN JAMES MCCORMICK**,

   *Petitioner*,

v.

**UNITED STATES OF AMERICA**,

   *Respondent.*[1]

_____/

## ORDER

Our Petitioner, Kevin James McCormick, "has been residing in this district under home confinement provisions monitored by the Miami Residential Reentry Management (Miami RRM) field office" as he completes the balance of a 60-month term of supervised release that was imposed in the U.S. District Court for the Southern District of Illinois. Response at 2; *see also* Amended Judgment, *United States v. McCormick*, No. 17-CR-30192-JPG-3 (S.D. Ill. May 11, 2022), ECF No. 292. McCormick has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") "has failed to apply 'Earned Time' credits for 'Evidence-Based Recidivism Reduction Training' under the First Step Act" and that he hasn't received credit "for participating in various training programs, as well as prison employment[.]" Petition [ECF No. 1] at 3. The

---

[1] As the Respondent correctly points out, "the United States of America" is not the proper respondent in this case because "the proper respondent should be the Residential Reentry Manager at the Miami RRM field office, Ms. Lori Bearden." Response in Opposition to Petition for Habeas Corpus Relief ("Response") [ECF No. 6] at 2 n.1; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). McCormick's failure to name the correct respondent, however, is not material to the disposition of this case. *See Jackson v. Chatman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014) ("[T]he denial of a habeas petition for failure to name the proper respondent 'would give an unreasonably narrow reading to the habeas corpus statute[.]'" (quoting *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973))).

Respondent contends that McCormick failed to file an administrative remedy "related to the claims he makes in this current petition," Response at 4, and, in the alternative, that the BOP "properly calculated Petitioner's earned days of FTCs [First Step Act time credits] . . . in accordance with the applicable statutes, regulations, and BOP policy." *Id.* at 13. After careful review, we agree with the Respondent that McCormick hasn't properly exhausted his administrative remedies and that, even if he did, he hasn't demonstrated that BOP made an error in calculating his FTCs.

## THE LAW

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). A § 2241 petition is the proper vehicle to challenge the calculation of earned time credits since inmates are entitled to "certain due process protections" before the BOP reduces the amount of credits he or she has earned. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475–76 (11th Cir. 2015) ("The Supreme Court has held that inmates must be given certain due process protections before they are deprived of their protected liberty interest in good time credits, including at least 24 hours advance written notice of the charges against them and the right to call witnesses and present documentary evidence."); *see also, e.g.*, *Abboud v. Warden, FCC Coleman-Low*, 2022 WL 3544312, at *1 (M.D. Fla. Aug. 18, 2022) (Scriven, J.) ("And, because Abboud's claim about the BOP's calculation of earned time credits is a challenge to the execution of his sentence, he has an alternative avenue of relief under 28 U.S.C. § 2241.").

That said, "[a]n inmate must exhaust available administrative remedies before seeking relief in a § 2241 proceeding." *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 855–56 (11th Cir. 2020). Although exhaustion is not a "jurisdictional requirement," we must decide whether the petitioner has properly exhausted his remedies "if the respondent properly asserts the defense." *Santiago-Lugo*, 785 F.3d at 475. To exhaust his administrative remedies, a petitioner "must properly take each step within

the administrative process," as defined by the institution with custody over him. *Varner v. Shepard*, 11 F.4th 1252, 1260 (11th Cir. 2021); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Administrative law does this by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002))). Courts throughout our Circuit have uniformly concluded that petitioners challenging the calculation of FTCs under the First Step Act must exhaust their available remedies, even if exhaustion appears to be futile. *See Vargas v. Stone*, 2022 WL 6791641, at *3 (S.D. Ga. Sept. 13, 2022) (Epps, Mag. J.) ("[C]ourts considering the issue of calculation of time credits under the First Step Act have enforced exhaustion requirements and rejected futility arguments."), *report and recommendation adopted*, 2022 WL 6768225 (S.D. Ga. Oct. 11, 2022) (Bowen, J.); *Cannata v. United States*, 2021 WL 4254942, at *2–3 (N.D. Fla. Aug. 18, 2021) (Cannon, Mag. J.) (dismissing a § 2241 petition challenging the calculation of FTCs because "[c]ourts in this circuit have instead found that exhaustion is required"), *report and recommendation adopted*, 2021 WL 4244283 (N.D. Fla. Sept. 17, 2021) (Walker, C.J.).

**ANALYSIS**

According to the BOP's records, McCormick had accumulated 225 days of FTCs as of July 31, 2023. *See* FSA Time Credit Assessment [ECF No. 8-2] at 2. McCormick alleges that he's "eligible to receive the maximum amount of sentence credits, twelve (12) months," and that the BOP "should have given [additional] credit for participating in various training programs, as well as prison employment[.]" Petition at 3–4. Other than these bare and conclusory allegations, though, McCormick doesn't identify the specific errors the BOP committed—errors that apparently cut about 140 days of FTCs he says he was otherwise entitled to. The Respondent insists that McCormick didn't exhaust his administrative remedies, and that, in any event, the BOP has properly calculated his FTCs. We agree with the Respondent on both counts.

For starters, McCormick didn't exhaust his administrative remedies. The exhaustion requirement is designed to "alert[ ] prison officials to [a] problem and giv[e] them the opportunity to resolve it before being sued." *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1219 (11th Cir. 2010).[2] So, for instance, a prisoner will fail to exhaust his remedies unless he has placed "the administrative authority on notice of *all issues in contention* [so as] to allow the authority an opportunity to investigate those issues." *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (cleaned up & emphasis added) (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1531 (11th Cir. 1985)); *see also Harvard v. Inch*, 411 F. Supp. 3d 1220, 1244 (N.D. Fla. 2019) (Walker, C.J.) ("[A] standard akin to notice pleading is appropriate when determining whether Plaintiffs' grievances contained sufficient details to exhaust their administrative remedies."). The Respondent concedes that McCormick has filed administrative grievances about his FTCs, but it nevertheless maintains that these grievances don't satisfy the exhaustion requirement because none of them asserted "that BOP should credit him with additional federal time credits of twelve months for unnamed 'programming' and 'prison employment.'" Response at 5. We agree.

McCormick "has filed twelve (12) formal administrative remedies during his incarceration with [BOP]. Eight (8) of these filings concerning the application of FSA Time Credits." Declaration of Kevin Littlejohn ("Littlejohn Decl.") [ECF No. 8-1] ¶ 10.[3] These eight remedies were divided into two different "case numbers" based on the two different kinds of relief the grievances were requesting: five of the eight were assigned to Case No. 1138241, and the other three were filed in Case No. 1138245. *See ibid.* In the grievances that fell into Case No. 1138241, McCormick alleged that the BOP

---

[2] Most cases analyzing exhaustion do so in the context of the Prison Litigation Reform Act's ("PLRA") requirement that a prisoner cannot bring an action under 42 U.S.C. § 1983 unless "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although "the PLRA does not apply to habeas petitions," a prisoner "is still required to exhaust his administrative remedies in all habeas cases." *Skinner v. Wiley*, 355 F.3d 1293, 1294–95 (11th Cir. 2004), *overruled on other grounds by Santiago-Lugo*, 785 F.3d at 471.

[3] McCormick's four other administrative grievances asked for compassionate release and are thus irrelevant here. *See* Administrative Remedy Generalized Retrieval [ECF No. 8-1] at 10–11.

4

failed to give him "5 ½ months of FSA credits" during his first year of incarceration, even though he "did all of the items ever asked of me" (*e.g.*, "the anger/hostility, antisocial peers, and cognitions surveys/items"). Remedy No. 1138241-F1 [ECF No. 8-1] at 17. The BOP denied this grievance after finding that McCormick wasn't in "qualifying admit status" because he hadn't, in fact, completed the "missing needs areas of Anger Hostility, Antisocial Peers, and Cognitions." Warden's Response to Remedy No. 1138241-F1 [ECF No. 8-1] at 20. Meanwhile, in Case No. 1138245, McCormick complained that, starting on March 2, 2022, he had been forced to "miss[ ] my court date due to a Tuberculosis (TB) outbreak in Atlanta," which had caused him to "encur [sic] an extra 10 weeks in Illinois." Remedy No. 1138245-F1 [ECF No. 8-1] at 31. In this second set of grievances, he asked for an additional "1 ½ months [of] FSA credit to be applied to my assessment sheet." *Ibid.* The BOP denied this remedy, too, because McCormick was "temporary transferred to the custody of another Federal or non-Federal government agency" pursuant to a federal writ, so he couldn't "successfully participat[e] in [the] Evidence-Based Recidivism Reduction Programs or Productive Activities" he needed to accumulate more FTCs. Regional Directors' Response to Remedy No. 1138245-F1 [ECF No. 8-1] at 37 (errors in original).

As this summation probably makes plain, none of these grievances "alerted" the BOP to the problem McCormick has now identified in his Petition—*viz.*, that he didn't get any credit for "participation in various training programs, as well as prison employment[.]" Petition at 3. Again, Case No. 1138241 argued that the BOP had improperly blocked him from eligibility for FTCs until November 24, 2021, because (so the argument goes) the BOP incorrectly felt that he hadn't completed "risk and needs assessments" for "Anger Hostility, Antisocial Peers, and Cognitions." Warden's Response to Remedy No. 1138241-F1 [ECF No. 8-1] at 20; *see also* 28 C.F.R. § 523.44(c)(1), (d)(1) (providing that inmates are only entitled to FTCs if they "maintain[ ] a minimum or low recidivism risk through his or her last risk and needs assessment"). By contrast, Case No. 1138245 asked the

BOP to give him some extra FTCs to make up for the days McCormick *couldn't* be in BOP custody because of an unexpected tuberculosis outbreak. *See* Remedy No. 1138245-F1 [ECF No. 8-1] at 31. Neither of these sets of remedies, it goes without saying, claimed that, after *fully* participating in a "training program" or "employment," McCormick didn't receive the correct number of FTCs. Since McCormick never placed "the administrative authority on notice" of the issue he's now advancing in his Petition, he's failed to exhaust his administrative remedies. *See Chandler*, 379 F.3d at 1287.

Even if McCormick *had* fully exhausted his remedies, though, the BOP properly calculated his FTCs. McCormick's FSA Time Credit Assessment shows that his incarceration began on December 11, 2020, and that he didn't start receiving FTCs until November 24, 2021. *See* FSA Time Credit Assessment [ECF No. 8-2] at 2. McCormick then continued to receive credits from November 24, 2021, until March 3, 2022. *See id.* at 2–3. After a three-month hiatus—the result of a federal writ—he started accumulating credits again on June 22, 2022, and has been earning credits ever since. *Ibid.* Of course, that FTC lacuna from December 11, 2020, through November 24, 2021, was the subject of Case No. 1138241, and the gap between March 3, 2022, and June 22, 2022, is what McCormick was complaining about in Case No. 1138245. *See generally* McCormick's Administrative Remedies [ECF No. 8-1] at 17–37. So, for McCormick to be entitled to relief, he needs to show that the BOP *incorrectly* denied him FTCs during these two time periods. But he fails to do that.

*First*, McCormick wasn't entitled to FTCs until November 24, 2021, because he hadn't fully completed his "risk and needs assessment[s]." Regional Director's Response to Case No. 1138241 [ECF No. 8-1] at 25. A prisoner isn't entitled to receive FTCs unless he's "demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment[.]" 18 U.S.C. § 3624(g)(1)(B). The BOP developed "risk and needs assessments," as required by statute, to determine whether a prisoner is "a minimum or low recidivism risk." 28 C.F.R. § 523.44(b)(2). BOP officials concluded that McCormick didn't complete all of his risk and needs

assessments—specifically, that he'd missed Anger Hostility, Antisocial Peers, and Cognitions—until November 24, 2021, so he couldn't have been classified as a "minimum or low recidivism risk" until then. Warden's Response to Remedy No. 1138241-F1 [ECF No. 8-1] at 20. McCormick doesn't challenge the BOP's conclusion that he failed to complete his risk and needs assessments until November 24, 2021, and nothing in the record suggests that he did. *See generally* Petition. We, therefore, agree with the BOP that McCormick didn't earn any FTCs before November 24, 2021.

*Second*, McCormick was out of BOP custody on a federal writ[4] from March 3, 2022, until June 22, 2022, so he *couldn't* have received FTCs during that time. *See* Warden's Response to Remedy No. 1138245-F1 [ECF No. 8-1] at 34 ("A review of your case revealed you departed FPC Pensacola on March 2, 2022, for a Federal Writ. You returned from Federal Writ to FPC Pensacola on June 22, 2022. During this time period . . . you were not eligible to receive time credits, as you were not at your designated facility engaged in productive activity."). It's well-established that a prisoner is "not entitled to credit against his federal sentence for time he spent in federal custody pursuant to [a] writ[ ] of habeas corpus *ad prosequendum*[.]" *Powell v. Jordan*, 159 F. App'x 97, 100 (11th Cir. 2005); *see also* 28 C.F.R. § 523.41(c)(4)(iii) ("An [otherwise] eligible inmate . . . will generally not be considered to be 'successfully participating' in EBRR Programs [needed to earn FTCs] in situations including, but not limited to: The temporary transfer of custody of another Federal or non-Federal government agency (e.g., on a state or Federal writ, transfer to state custody for service of sentence, etc.)"). The BOP thus properly decided not to award McCormick FTCs during this time.

\*   \*   \*

---

[4] A review of McCormick's criminal case in the Southern District of Illinois confirms that the district court issued a writ of habeas corpus *ad prosequendum* on January 27, 2022. *See* Order Committing Defendant to Custody of United States Marshal, *United States v. McCormick*, No. 17-CR-30192-JPG-3 (S.D. Ill. Jan. 27, 2022), ECF No. 273. The purpose of that writ was actually to bring McCormick back for his resentencing—which became necessary after the court granted *in part* his motion to vacate under 28 U.S.C. § 2255. *Ibid.*

In sum, McCormick failed to exhaust his administrative remedies, so he isn't entitled to bring a § 2241 petition challenging the BOP's calculation of his FTCs. But his claim would fail *even* if he had met the exhaustion requirement because the BOP properly awarded McCormick all the FTCs he's entitled to. We therefore **ORDER and ADJUDGE** that the Petition [ECF No. 1] is **DISMISSED** for failure to exhaust administrative remedies or, in the alternative, **DENIED** on the merits. All pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on September 11, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Kevin James McCormick, *pro se*
    counsel of record